## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **KAREN JAMILETH MONRROY** | * | |
| **ALVARENGA,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | **Civ. No.: MJM-26-327** |
| **v.** | * | |
| | * | |
| **VERNON LIGGINS,** *et al.*, | * | |
| | * | |
| **Respondents.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## ORDER

Petitioner Karen Jamileth Monrroy Alvarenga ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 26, 2026. ECF No. 1. Petitioner alleges that (1) she is a citizen and national of El Salvador who has been present in the United States without inspection since June 2016; (2) on January 23, 2026, agents from the Department of Homeland Security ("DHS") detained Petitioner and transferred her to a field office of Immigration and Customs Enforcement ("ICE") in Baltimore, Maryland, where she remained in the custody of ICE at the time her petition was filed. *Id.* at 2–3, 5. The petition asserts that Petitioner's detention by ICE violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* at 9–10. She seeks a bond hearing or release from custody, among other forms of relief. *Id.* at 14.

On February 3, 2026, the parties filed a joint notice and status report stipulating that "the factual and legal issues presented in the instant habeas petition are related to some of those presented in Cardona y Cardona v. Noem, Case No. 25-cv-02262-ABA, and Lopez Lopez v. Noem, Case No. 26-cv-00008-BAH." ECF No. 7 at 1.

In *Lopez Lopez*, the petitioner was encountered by United States Border Patrol in 2023 at or near El Paso, Texas and charged with entry without admission or inspection under 8 U.S.C. § 1182(a)(6)(A)(i) through the issuance of a notice to appear. *See* Civ. No. BAH-26-008, ECF No. 1 at 8; *id.*, ECF No. 9-1 at 5. The Department of Homeland Security initially released the petitioner pursuant to an Alternatives to Detention ("ATD") agreement but later arrested her in 2025 pursuant to an administrative warrant, allegedly due to ATD violations, and initiated removal proceedings. *See id.*, ECF No. 9-1 at 2. In the ensuing habeas proceedings, the Government conceded that because the petitioner was charged as inadmissible under INA § 212(a)(6)(A)(i)—which corresponds to discretionary detention under 8 U.S.C. § 1226—the petitioner could request a bond hearing pursuant to 8 C.F.R. § 236.1(d). *See id.* at 11. Judge Hurson accordingly ordered that the petitioner was entitled to a bond hearing before an immigration judge. *See id.*, ECF No. 14 at 2.

I conclude from the parties' joint stipulation comparing the instant case to *Lopez Lopez* that there is no dispute Petitioner in the instant case has been living in the United States for several years, he was recently detained by ICE without a bond hearing, and an administrative warrant and notice to appear have issued, initiating removal proceedings. Based on these facts, this Court finds that it has subject-matter jurisdiction over the petition under 28 U.S.C. §§ 1331 and 2241, and further finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The petition for a writ of habeas corpus is GRANTED IN PART;

2. As a noncitizen who has been arrested and detained pending a decision on whether he is to be removed from the United States pursuant to 8 U.S.C. § 1226(a), Petitioner is

entitled to a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19 & 1236.1(d);

3. The bond hearing shall occur no later than **February 20, 2026,** and shall be conducted pursuant to 8 U.S.C. § 1226(a) in an immigration court with jurisdiction and administrative control over Petitioner's detention;

4. Reasonable conditions of release may be imposed if bond is granted and Petitioner is released;

5. If Petitioner does not receive a bond hearing by **February 20, 2026,** she shall be released, subject to reasonable conditions, including the requirement that she appear at a bond hearing before an immigration court with jurisdiction and administrative control over Petitioner's detention;

6. This Court shall retain jurisdiction of this matter to enforce compliance with this Order;

7. The parties shall file a joint status report no later than **February 27, 2026.**

It is so ORDERED this __6th__ day of February, 2026.

                                          _____

Matthew J. Maddox
United States District Judge